IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES REIDINGER,<br><br>   Plaintiff,<br><br>   v.<br><br>ZENDESK, INC., et al.,<br><br>   Defendants. | Case No. 19-cv-06968-CRB<br><br>**ORDER CONSOLIDATING CASES, APPOINTING LOCAL 353, I.B.E.W. PENSION FUND LEAD PLAINTIFF, AND APPROVING PLAINTIFF'S CHOICE OF LEAD COUNSEL** |

Two putative securities class action lawsuits have been filed against Zendesk, Inc.: Reidinger v. Zendesk, Inc., No. 3:19-cv-06968-CRB, and Ho v. Zendesk, Inc., No. 3:19-cv-07361-WHA. Because these actions present virtually identical questions of law and fact, the unopposed motion to consolidate them pursuant to Federal Rule of Civil Procedure 42(a) is granted.

The Private Securities Litigation Reform Act provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(I). The Act creates a rebuttable presumption as to who is the most adequate plaintiff:

> Subject to subclause (II), for purposes of clause (I), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Id. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

Local 353, I.B.E.W. Pension Fund ("the Pension Fund") meets all of the Act's requirements. It submitted a timely motion for appointment as lead plaintiff. See Mot. More importantly, it is undisputed that the Pension Fund has the largest financial interest in this case. See Pension Fund's Opp'n to Competing Motions (dkt. 40) at 2–3; Snyder Notice of Withdrawal (dkt. 39) at 2; Ho Notice of Non-Opposition (dkt. 38) at 3; Armstrong Notice of Non-Opposition (dkt. 37) at 2. And the Pension Fund satisfies the other requirements of Rule 23, because its claims are typical of the class and it will fairly and adequately represent the class. See Fed. R. Civ. P. 23(a)(3)–(4). The Pension Fund's motion for appointment as lead counsel is now unopposed, so the presumption that it is the most adequate plaintiff is unrebutted. See Notice of Unopposed Motion (dkt. 41). The Pension Fund's motion to be appointed as lead counsel is granted.

The Pension Fund's choice of Robbins Gellar Rudman & Dowd LLP as lead counsel is approved. As this Court has previously found, Robbins Gellar has ample experience prosecuting complex securities class action lawsuits and will adequately represent the interests of the class. See Evanston Police Pension Fund v. McKesson Corp., No. 3:18-cv-06525-CRB, ECF No. 40 (N.D. Cal. Feb. 8, 2019).

The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and therefore vacates the hearing currently set for Friday,

//
//
//

January 31, 2020.

**IT IS SO ORDERED.**

Dated: January 24, 2020



CHARLES R. BREYER
United States District Judge